## MARY E. CAMPBELL
### V.
## ANDREW CAMPBELL.

*Divorce—Cruelty—Bill—Allegations—Sufficiency of.*

It is sufficient in a bill for divorce for extreme and repeated cruelty, to make such allegations as will admit the proof of cruelty and of at least two distinct acts of personal violence. Such distinct acts may be alleged as occurring on the same day.

[Opinion filed September 19, 1888.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. LEVI SPRAGUE, for plaintiff in error.

Mr. E. W. ADKINSON, for defendant in error.

MORAN, P. J. Plaintiff filed her bill for divorce and after

allegations sufficiently stating her marriage with defendant and her residence in the State alleged her cause for divorce as follows:

"And your oratrix charges that very soon after their said marriage as aforesaid, the said defendant commenced a course of extreme and repeated cruelty toward your oratrix; that he has often threatened and abused your oratrix in a most cruel and shameful manner. That on, to wit, the 9th day of May A. D. 1886, at the city of Chicago aforesaid, the said defendant caught hold of your oratrix by her throat and threw her down upon the floor, and choked, beat, bruised and otherwise maltreated your oratrix in a most cruel, angry, rude and revengeful manner. And again, on the same day last aforesaid, at the place aforesaid, the said defendant again choked, beat, bruised and otherwise maltreated your oratrix, and threatened to take the life of your oratrix, and by means of force took from your oratrix a certain gold watch, of the personal goods and chattels of your oratrix.

" So your oratrix charges that the said defendant, Andrew Campbell, has been and is guilty of extreme and repeated cruelty toward your oratrix."

Defendant demurred to the bill on the ground that no case was made in the bill which entitled complainant to the relief sought, and the Circuit Court sustained the demurrer and dismissed the bill, and complainant brings the case to this court by appeal, and the question presented is whether the portion of the bill above set out sufficiently states a case of extreme and repeated cruelty entitling complainant to a divorce under the statute of this State.

It is sufficient in stating the cause for divorce for extreme and repeated cruelty, to make such allegations as will admit the proof of cruelty, and of at least two distinct acts of personal violence.

The bill alleges that soon after the marriage he commenced a course of extreme cruelty toward her, and that he has often threatened and abused her in a most cruel and shameful manner. That allegation would certainly admit the proof of various and different facts by which general and repeated cruelty

would be established.   Then as to the acts of physical violence
the time and place is given, and the act so described as to
clearly make it an act of extremely cruel violence to the per-
son of complainant, and then it is alleged that on the same day,
and at the same place the defendant again choked, beat, and
bruised her, and threatened to take her life, and by force took
from her a certain gold watch, her personal property.

There are sufficiently alleged, two distinct acts of physical
violence.   That they are both alleged on the same day, and
at the same place, does not weaken the allegation.   Two dis-
tinct acts of violence to the person of the wife by the hus-
band, occurring on the same day, furnish as strong technical
cause for divorce, as two such acts occurring in the same week
or month, and may in fact constitute a more meritorious cause.
The effect of the demurrer is to admit that plaintiff in error
was beaten, choked and bruised twice on the same day by her
husband, and that she was often threatened and abused by
him prior thereto in a most cruel and shameful manner.

We are of opinion that such allegations are sufficient to
enable plaintiff in error to introduce her proof, and that it
was error to sustain the demurrer to the bill.

The decree dismissing the bill will be reversed, and the
case remanded to the Circuit Court.

*Reversed and remanded.*